IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MORALES, et al.,<br>               Plaintiffs,<br>    v.<br>FIVE J'S TRUCKING, Inc.<br>AND DOES 1 THROUGH 100,<br>               Defendant. | CIV F-04-5429 AWI LJO<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Document #19) |

    This is one of several actions concerning overtime wages originally filed by attorney Jerry Budin while working for the law firm Green & Azevedo.  Mr. Budin has left Green & Azevedo.  Several clients, including Plaintiff Rick Morales, have indicated that they wish Mr. Budin to continue as their attorney.   Numerous motions have been filed in this and other actions concerning who is and who previously was the clients' attorney.

    In this action, Mr. Budin did not file a substitution of attorneys.  Rather, when Mr. Budin left Green & Azevedo he merely notified the Clerk of the Court of a change in address.  Because of the court's knowledge of the dispute between Mr. Budin and Green & Azevedo, Magistrate Judge Lawrence J. O'Neill, in the interests of caution, directed the Clerk of the Court and the parties to serve both Mr. Budin and Green & Azevedo with all documents in this action.  It is this order by Judge O'Neill that has resulted in numerous motions.  Pending before the court is Mr. Budin's motion to reconsider Judge O'Neill's order declining to vacate his order directing the Clerk of the Court and the parties to serve Green & Azevedo.

1   The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d
2   1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).
3   Motions for reconsideration are disfavored, however, and are not the place for parties to make
4   new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood
5   Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the
6   court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112,
7   1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with
8   the Court's decision, and recapitulation of the cases and arguments considered by the court before
9   rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands
10  Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed
11  to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.
12  1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must
13  set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
14  decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665
15  (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).
16  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly
17  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P.
18  72(a).

19   Judge O'Neill's order directing the Clerk of the Court and the parties to continue serving
20  Green & Azevedo, along with Mr. Budin, was not clear error. No substitution of attorneys has
21  been filed in this action. Mr. Budin has not convinced the court that Green & Azevedo were not
22  Plaintiffs' attorney at any time, such as before Mr. Budin left Green & Azevedo. Mr. Budin has
23  provided no authority that prohibits a court from having the Clerk of the Court and the parties
24  serve an interested third party. Mr. Budin and Green & Azevedo's insistence that this court
25  become involved in their partnership dispute in other actions causes this court to believe keeping
26  Green & Azevedo on the proof of service for this action, at this time, is highly prudent.

27
28                                                2

1  Accordingly, Mr. Budin's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     September 7, 2005**              **/s/ Anthony W. Ishii**
0m8i78                                     UNITED STATES DISTRICT JUDGE

3