JERRY N. BUDIN, Cal. Bar No. 88539
LAW OFFICE OF JERRY BUDIN
1500 J Street, Second Floor
Modesto, California 95354
Telephone:  (209) 544-3030
Facsimile:  (209) 544-3144

Attorney for Plaintiffs,
RICK MORALES, et al.

CHRISTOPHER E. COBEY, Cal. Bar No. 60821
LITTLER MENDELSON
50 West San Fernando Street, 14th Floor
San Jose, California 95113-2303
Telephone:  (408) 998-4150
Facsimile:  (408) 790-0564

Attorneys for Defendant
FIVE J'S TRUCKING, INC.

**FILED**

SEP 1 8 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| RICK MORALES, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>FIVE J'S TRUCKING, INC., and DOES 1 through 100,<br><br>          Defendants. | CASE NO. CIV-F-04-5429 AWI LJO<br><br>**FINDINGS AND RECOMMENDATIONS ON FINAL APPROVAL OF CONSENT DECREE;   EXHIBIT A and B** |

Pursuant to the "Order Adopting Findings And Recommendations Of Preliminary

Approval Of Consent Decree" (Doc. 48) filed May 26, 2006 adopting in full the "Findings And

Recommendations On Preliminary Approval Of Consent Decree" (Doc 45), a Final Approval

Hearing was held as scheduled at 8:15 a.m. on Thursday, August 31, 2006 in Department 8 of this

-i-

1

2

Court and continued to September 18, 2006 at 8:30 a.m.  Plaintiff, individually and on behalf of

3
all others similarly situated (collectively "plaintiffs"), appeared at the hearing by telephone

4
through class counsel, Jerry Budin.  Defendant Five J'S Trucking, Inc. appeared at the hearing by

5
telephone by counsel Christopher Cobey of Littler Mendelson.  The case was called at the hearing

6
and the Court inquired whether anyone else in the courtroom was present to participate in the

7
hearing.  There was no response to this inquiry.  The Court then inquired of counsel whether they

8
expected anyone to appear at the hearing.  Both counsel responded in the negative.

9
        Having considered the "Joint Notice Of Motion And Motion For Final Approval Of

10
Consent Decree and Accompanying Documents; Memorandum of Points and Authorities" (Doc.

11
49), and Plaintiff's Memorandum Of Points And Authorities And Class Counsel's Declaration In

12
Support Of Final Approval Of Consent Decree And Award Of Enhancement And Attorney's Fees

13
and Costs," and the papers previously filed herein, the Court issues the following Findings:

14
        1.      The Court finds that notice to the class was satisfied and timely mailed as

15
previously ordered by the Court.

16
        2.      The Court finds that the consideration for the proposed settlement is fair,

17
adequate, and reasonable.

18
        3.      The Court finds that there were no objections to the proposed settlement.

19
        4.      The Court finds that the settlement was not collusive, and that the parties

20
have engaged in sufficient discovery to understand the strengths and weaknesses of their own and

21
their opponent's cases.

22
        5.      The Court finds that the lawyers representing all parties were competent

23
and experienced counsel, and that no party has been subjected to any undue influence in reaching

24
the settlement.

25
        6.      The Court finds that the attorney's fees and costs requested by Class

26
Counsel, Jerry Budin, in the total sum of $52,091.97 are fair and reasonable, subject to the "Notice

27
Of  Lien" filed herein by Green & Azevedo.

28

-ii-

7.     The Court finds that the formula for disbursement of the settlement proceeds to the Class and the procedure for administration of that disbursement as set forth in the Consent Decree are fair, adequate and reasonable and the awards contained in Ex. A hereto are approved and according to Exhibit B attached hereto.

8.     The Court finds that a payment of $10,000.00 to Class Representative Rick Morales for his efforts and services on the behalf of the Class in this litigation is fair and reasonable.

## CONCLUSION

For the reasons stated above, this Court RECOMMENDS that the District Court DETERMINE that the proposed settlement is fair and reasonable, and GRANT final approval of the Consent Decree and related documents consistent with these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED

DATED: September 18, 2006

LAWRENCE J. O'NEILL United States Magistrate Judge

-iii-

EXHIBIT A

CHRISTOPHER E. COBEY, Bar No. 060821
JASON H. BORCHERS, Bar No. 199120
LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone:    559.244.7500

Attorneys for Defendant
FIVE J'S TRUCKING, INC.

JERRY N. BUDIN, Bar No. 88539
LAW OFFICES OF JERRY N. BUDIN
1500 J Street
Modesto, CA 95354-1123
Telephone:    209.544.3030

Attorney for Plaintiffs
RICK MORALES, individually and on behalf
of all others similarly-situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| RICK MORALES, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIVE J'S TRUCKING, INC., and DOES 1 through 100,<br><br>Defendants. | Case No. CIV-F-04-5429 AWI LJO<br><br>**CONSENT DECREE; EXHIBTS A-B**<br><br>Date:    May 16, 2006<br>Time:    9:00 a.m.<br>Crtrm:   8<br>Judge:   Hon. Lawrence J. O'Neill |

LITTLER MENDELSON
A Professional Corporation
5200 North Palm Avenue
Fresno, CA 93704.2702
559.244.7500

80634565.1 121905                    0                    Case No. CIV-F-04-5429 AWI LJO
**CONSENT DECREE**

Firmwide:80634565.
1.047960.1002

1                                **TABLE OF CONTENTS**

2                                                              **PAGE**

3    I.      INTRODUCTION .................................................................................................................1

4    II.     NATURE OF THE CASE ...................................................................................................1

5    III.    GENERAL TERMS OF THE DECREE .................................................................................2

6            A.     Definitions................................................................................................................2

7            B.     Jurisdiction and Venue...........................................................................................4

8            C.     Duration of This Decree..........................................................................................4

9            D.     Non-Admissions .....................................................................................................4

10           E.     Effect of This Decree ..............................................................................................5

11           F.     Five J's Trucking, Inc.'s Right to Withdraw from Settlement and Void Decree ..........6

12    IV.    CLASS CERTIFICATION....................................................................................................6

13    V.      SETTLEMENT.....................................................................................................................7

14            A.     Administration of the Settlement Sum.....................................................................7

15                  1.      Payment to Class Representative ......................................................................7

16                  2.      Payments to Class members..............................................................................7

17            B.     Claims Filing Procedures.........................................................................................7

18            C.     Procedures For Payment Of Claims..........................................................................8

19                  1.      Time for disbursement of settlement payments .................................................9

20    VI.    ATTORNEYS' FEES ..........................................................................................................9

21    VII.   TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE PLAINTIFF

22           CLASS OR TO THE NAMED PLAINTIFF.................................................................................9

23    VIII.   STATUS AND DISPOSITION OF UNCLAIMED FUNDS...................................................10

24    IX.    DISPUTE RESOLUTION FOR ALLEGED VIOLATIONS OF THIS DECREE.................10

25    X.      NO APPEAL ON BEHALF OF CLASS REPRESENTATIVES OR PLAINTIFFS .............11

26    XI.    NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO SEEK EXCLUSION ........12

27    XII.    MISCELLANEOUS PROVISIONS.......................................................................................12

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408 988 4150

i.

Firmwide:80634565.
1 047860.1002

## I. INTRODUCTION

This Consent Decree ("Decree") sets forth the full and final terms by which the named Plaintiff, on behalf of himself and members of the classes defined herein, and Defendant Five J's Trucking, Inc. ("Five J's Trucking"), have settled and resolved all claims and potential claims between them relating to any alleged nonpayment of overtime for hours worked in excess of forty under the Fair Labor Standards Act ("FLSA"), and claims for damages under California's Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UPA" or "17200"). By agreeing to this Decree, Five J's Trucking does not admit to any liability, and in fact, such liability is expressly denied. Five J's Trucking has voluntarily entered into this Decree to avoid protracted and costly litigation, and to focus its resources on serving its customers and operating a first-class transport business.

## II. NATURE OF THE CASE

This Decree resolves an action by Plaintiff Rick Morales, purporting to represent a class of similarly situated persons.

The Action filed on March 15, 2004 alleges that Five J's Trucking failed to pay overtime for hours worked in excess of forty in a workweek in violation of the FLSA (29 U.S.C. § 207(a)(2)(C)). Additionally, Plaintiff alleges that Five J's Trucking's FLSA violation provides a predicate for a second claim for damages for each of them under UPA. Five J's Trucking has specifically denied, and continues to deny, each and every allegation made by the Plaintiffs in this Action.

The parties to this Action desire to settle it, and have agreed to enter into this Decree for the purpose of resolving the Action. This Decree has been jointly negotiated and drafted by counsel completely familiar with the legal and factual issues in the Action, along with representatives of the parties, after extensive discovery, substantial and extensive discussions regarding claims and defenses by counsel for all the parties, and with the assistance of an independent mediator. Counsel have negotiated at arm's-length and in good faith, with the best

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408 998 4150

80634565.1 121905

1

Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1.017960 1003

interests of their clients in mind. Based upon their knowledge of the cases and extensive negotiations, all counsel believe that this Decree is fair, reasonable, and adequate to resolve this Action in its entirety, and that settlement at this time on these terms is in the best interests of all the parties. Counsel and the parties have considered, among other things, the expense, inconvenience, and time demands of continuing, burdensome, and protracted litigation, the risks inherent in litigation, and the benefits provided by the terms of this Decree. This Decree represents the parties' joint efforts to avoid further litigation, and does not represent any admission of liability by the Defendant on the merits of this Action. Neither party is responsible for or adopts the justification for settlement of the other party.

## III. GENERAL TERMS OF THE DECREE

### A. Definitions

For purposes of this Decree and all exhibits hereto, the capitalized terms in such documents shall have the meanings set forth below. All terms defined in the singular shall have the same meaning when used in the plural, and all terms in the plural shall have the same meaning when used in the singular, unless otherwise noted.

1. "Authorized Claimant" shall mean only a person listed in the Final Decree as entitled to a settlement payment who have timely filed a completed "Claim Form and Release."

2. "Five J's Trucking's Counsel" shall mean the law firm of Littler Mendelson, P.C., 5200 North Palm Avenue, Suite 230, Fresno, CA 93704, including attorneys Jason H. Borchers and Christopher E. Cobey.

3. "Claimant" shall mean any person who is eligible to make, and who has made, a claim pursuant to the procedures in section V.B-C of the Decree.

4. "Claim and Release" shall mean the form headed "Claim Form And Release" (attached as Exhibit B).

5. "Claim Form Submission Date" shall mean the postmark date the Claim and Release was mailed, or the date of personal delivery of the completed Claim and Release, to Class Counsel.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408 998.4150

80634565.1 121905    2    Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1 047860 1002

6. "Class Counsel" shall mean Jerry N. Budin, Esq., of the Law Offices of Jerry N. Budin, 1500 J Street, Modesto, CA 95354-1123.

7. The "Settlement Class" shall mean that class of persons defined in section IV.

8. "Class Representative" refers only to Plaintiff Rick Morales.

9. "Court" shall mean the United States District Court for the Eastern District of California, Fresno Division.

10. "Effective Date" of this Decree shall mean the later of the 31st day after the date of the signing and final approval and entry of this Decree by the Court, if no appeal is taken, or the 31st day after final determination of any such appeal, in the event this Decree is affirmed on appeal.

11. "Employee Taxes" shall mean any and all federal, state and local taxes required to be withheld by Five J's Trucking as the employer from the settlement payments for the employees' portion of taxes, including but not limited to any withholdings required for federal income tax, Social Security, and Medicare, and California State income tax and state disability (SDI). The amount of taxes withheld will depend upon the applicable tax rates in effect for each Authorized Claimant during the year in which a payment is made and whether that Authorized Claimant is still employed by Five J's Trucking when payment is made.

12. "Employer Taxes" shall mean any and all taxes and contributions imposed by federal, state or local law on Five J's Trucking as the employer for the employer's portion of federal Social Security and Medicare, federal unemployment tax, California state unemployment tax, and any other taxes.

13. "Fairness Hearing" shall mean the Court's public hearing or hearings to determine whether the proposed Decree shall be finally approved.

14. "Grace Period" is the period of time not to exceed sixty (60) days after a payment's due date within which the Defendant may make a payment without penalty, as long as the Defendant makes all reasonable good faith efforts to make each payment by the specified date.

15. "Notice" shall mean that document headed "Notice of Proposed Class Action Settlement and Fairness Hearing" (attached as Exhibit A).

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113-2303
408 998 4150

80634565.1 121905

3

Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1 047060 1002

16. "Parties" shall mean the Named Plaintiff and Five J's Trucking.

17. "Payment One" is seventy-four thousand dollars ($74,000), which is to be paid by June 1, 2006, subject to the Grace Period.

18. "Payment Two" is ninety-four thousand dollars ($94,000), which is to be paid by December 31, 2006, subject to the Grace Period.

19. "Plaintiff Class," "Named Plaintiff," "Plaintiff," "Class," or "Class Members" or any variation of such terms, shall mean the class members described in section IV of this Decree.

20. "Preliminary Approval Date" of this Decree shall mean the date this Court grants its preliminary approval to this Decree.

21. "Taxes" shall mean, collectively, all "Employee Taxes" and "Employer Taxes."

### B. Jurisdiction and Venue

The Parties agree that this Court has jurisdiction over the subject matter of and the parties to this action and that venue is proper. The Court shall retain jurisdiction of this action for the duration of the Decree solely for the purpose of entering all orders, judgments, and decrees authorized hereunder that may be necessary to implement and enforce the relief provided herein.

### C. Duration of This Decree

The duration and term of this Decree shall be for a period of one year. The term shall commence on the Effective Date of this Decree and shall automatically expire one year later.

### D. Non-Admissions

Five J's Trucking at all times has denied and continues to deny the material controverted allegations of the Action. Five J's Trucking has alleged numerous affirmative defenses to the Action and does not admit to any obligation to pay compensation of an overtime premium, in addition to regular wages, for hours worked in excess of forty hours in one week. Five J's Trucking also does not admit to any unfair business practices, violations of the UPA or violations of state or federal statutes or regulations. Five J's Trucking expressly denies any such violations. Five J's Trucking's voluntary agreement to the entry of this Decree shall not be deemed an admission of liability, and none of the parties to this Action shall be deemed a prevailing party. There has been no

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113-2303
408 998 4150

Firmwide:80634565.

L 047860 1002

80634565.1 121905                4                Case No. CIV-F-04-5429 AWI LJO

**CONSENT DECREE**

1    judicial determination in the Action that Five J's Trucking has violated any law, order, or regulation
2    of the United States, or of any State, regarding its payment of wages. This Decree shall not
3    constitute an adjudication and/or finding on the merits of the case, and shall not be used as evidence
4    of liability, *res judicata*, or collateral estoppel in any other legal proceeding against Five J's
5    Trucking.

6              Neither the agreement to entry of this Decree nor anything in this Decree shall be
7    deemed admissible in any forum or proceeding as evidence of an admission by Five J's Trucking
8    that it has engaged in any practice, act, or omission, in violation of the Fair Labor Standards Act,
9    California Business and Professions Code section 17200 *et seq*., or any other federal or state law or
10   regulation. This Decree shall not be admissible as evidence in any forum for any reason, other than
11   in an action to enforce its terms.

12       **E.       Effect of This Decree**

13              This Decree fully and finally resolves all claims, demands, and causes of action of the
14   Named Plaintiffs and the Settlement Class that were raised or could have been raised, including
15   claims for equitable relief and compensatory and punitive damages, for nonpayment of overtime for
16   hours worked in excess of forty hours in one week, and for any claim of unfair business practices
17   under the UPA of Five J's Trucking at any time up to and including the Preliminary Approval Date
18   of this Decree, with the exception of those claims of Class Members who timely request exclusion
19   from the Settlement Class and settlement described herein. Accordingly, in the event this Decree
20   receives final approval from this Court, all Class Members are bound by the terms of this Decree,
21   except those Class Members who choose to exclude themselves in accordance with the exclusion
22   procedures set forth in section V of the attached Notice (Exhibit "A"). The preclusive affect of this
23   Decree includes any and all claims for monetary relief, including but not limited to claims for
24   payment of wages for hours worked in excess of 40 in one week, compensatory and punitive
25   damages, attorneys fees, and any other relief that was or could have been sought in this Action under
26   the FLSA, and/or the California Business and Professions Code section 17200 *et seq*. The doctrines
27   of *res judicata* and collateral estoppel shall apply to the Named Plaintiff and the Plaintiff Classes as

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408 998 4150
Firmwide:80634565.
1 047060 1000

80634565.1 121905                                    5                            Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

1  defined herein with respect to all issues of law and fact and all matters of relief granted or denied
2  within the scope of this Decree.

3  **F. Five J's Trucking's Right to Withdraw from Settlement and Void Decree**

4  At any time prior to seven (7) days before the Fairness Hearing, Five J's Trucking
5  may, at its sole discretion, withdraw from this settlement and void this Decree if more than three of
6  the possible Class Members file a timely and completed Exclusion Request. Five J's Trucking shall
7  exercise this exclusive right by letter mailed on or before *[date to be inserted]*, 2006, by first class
8  United States mail, postage prepaid, to Plaintiffs' Counsel and the Court, notifying each of its desire
9  to withdraw from the proposed settlement. Upon Five J's Trucking's exercise of this exclusive right,
10  this proposed Decree becomes automatically void, and this Action shall proceed as if no settlement
11  had ever been reached.

12

13  **IV. CLASS CERTIFICATION**

14  Plaintiff moves to certify a Settlement Class under 29 U.S.C. section 216(b) and
15  Federal Rule of Civil Procedure (FRCP) 23 as follows:

16  All persons who are employed or have been employed by defendant in the State of
17  California who, on or after March 15, 2000 to July 5, 2004, have worked as an
18  intrastate truck driver hauling milk, whey or waste water from/to dairies and from/to
19  creameries and/or cheese factories solely within the State of California and have
20  worked in excess of forty (40) hours per week without being paid overtime
21  compensation by defendant for those excess hours.

22  The Settlement Class consists of 44 potential members. The actual size of the
23  Settlement Class will be determined from the number of Claim Form and Releases submitted by
24  Class members.

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

80634565.1 121905                                    6                              Case No. CIV-F-04-5429 AWI LJO

**CONSENT DECREE**

Firmwide:80634565.
1 047X60 1002

## V. SETTLEMENT

### A. Administration of the Settlement Sum

For the purpose of satisfying and settling all of the Eligible Claims of the named Plaintiff, Class Members, and Class Counsel, as those terms are defined in section III(A) of the Decree, Five J's Trucking shall pay Claimants the sum ("Sum") of one hundred sixty-eight thousand dollars ($168,000), less court-approved attorney fees and costs and any enhancement payment to the Class Representative, Rick Morales.

The Sum is the sole payment that Five J's Trucking shall be required to make to settle this case and the foregoing Claims, except with respect to: (1) the cost of copying and postage alone for mailing notice to Class Members; (2) a sum not to exceed $5,000 to be paid upon verified proof submitted by Class Counsel of the reasonable cost of secretarial assistance for the mailing, receipt and processing of the Notice, Claim And Release Form and exclusion requests and the reasonable attorney fees of Class Counsel in resolving disputes of Authorized Claimants as to the amount of their payment and calculating the pro-rata distribution, and (3) Employer Taxes.

#### 1. Payment to Class Representative

The gross amount of $10,000 shall be paid by Five J's Trucking to Class Representative Rick Morales for his service as the lead Plaintiff in this action. This sum shall not be subject to tax withholding, and shall be reported by the Defendant by IRS Form 1099.

#### 2. Payments to Class Members

Payments to each Class member shall be in proportion to the total of each Class member's total overtime hours worked from March 15, 2000, through the earlier of either (i) the date of July 5, 2004, or (ii) the Class member's last date of Five J's Trucking employment as shown on the time records of Five J's Trucking.

### B. Claims Filing Procedures

Upon preliminary approval of this Consent Decree and pursuant to this Court's "Order Granting Preliminary Approval Of Consent Decree, Class Counsel shall mail copies of the Notice and the Claim Form and Release to every known Class member at his/her last known address. Class Counsel shall make these forms available to other Class members at their request.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408.998.4150

80634565.1 121905

7

Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1.047860.1002

1    By *[date to be inserted]*, Class Counsel will provide to Five J's Trucking's counsel a
2    list of the names of all Class Members who timely requested exclusion from this settlement, and a
3    complete copy of each exclusion request, including the date, time and manner of receipt of each
4    exclusion request.

5    The signed Claim Form and Release submitted in accordance with the procedures set
6    forth on the Claim Form to Class Counsel by Class Members, and postmarked or hand delivered by
7    *[date to be inserted]*, shall be processed by Class Counsel. By *[date to be inserted]*, Class Counsel
8    shall file with the Court and serve a list of proposed monetary awards from the Sum to each
9    Authorized Claimant, with a copy of the list simultaneously provided to Five J's Trucking's counsel.

10    **C.    Procedures For Payment Of Claims**

11    In order to promote both fairness and efficiency, each claim will be paid on a pro-rata
12    basis within the Class according to the terms of section V.A.2.a-b, after verification of the
13    information provided on the Claim Form And Release. The pro-rata and verification system shall be
14    applied uniformly, based on the time records of Five J's Trucking, will not be discretionary, and may
15    be amended only by Court Order.    Each Authorized Claimant shall then be allocated a
16    commensurate proportion of the Sum. All proposed monetary awards shall be subject to the review
17    and approval of the Court before disbursement. All Class Members receiving awards will be
18    required to keep the amount of the awards confidential from everyone except Class Counsel, or any
19    attorney, tax or financial advisor representing them or members of their immediate family. No
20    award shall be paid to a Authorized Claimant prior to receipt by Five J's Trucking's counsel of the
21    Claimant's fully completed Claim Form And Release.

22    Awards shall be made from the Sum. The awards made to Authorized Claimants
23    shall be deemed wage payments.

24    Any Class Member who released any of his/her Claims that would otherwise be
25    covered by this Decree, or obtained a final judicial determination of any of his/her Claims that would
26    otherwise be covered by this Decree, is not eligible to receive an award from the Fund for those
27    Claims under these procedures.

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113-2303
408 998 4150

80634565.1 121905                                    8                                Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1 017060 1001

1.      **Time for disbursement of settlement payments**

Five J's Trucking shall mail the settlement payments, pursuant to the terms of this Decree, to each Authorized Claimant's last known mailing address, by first class mail, after (a) the final approval of this Decree, if there are no objections to the settlement, or by the Payment One and Payment Two deadlines, whichever are later, or (b) the Decree becomes final and non-appealable, if objections have been filed, whichever is later. Under no circumstances shall Five J's Trucking make any disbursements to Class Members from the Sum until all timely claims have been considered, calculated, and accounted for, including attorney fees, and the obligations set forth in section V have been satisfied.

Should Five J's Trucking need more time than is provided under this Decree to complete any of its obligations as set forth herein, Five J's Trucking may make such a request in writing, including an explanation of the need for additional time, to Class Counsel. If Class Counsel does not agree to additional time, then Five J's Trucking may make an application to the Court.

## VI.      ATTORNEY FEES

Although neither party to this Action is deemed to be a prevailing party, Five J's Trucking agrees not to oppose Class Counsel's motion for actual costs and reasonable attorney fees from the Sum in an amount not to exceed thirty (30) percent of the Sum. Said motion will be heard in conjunction with the Fairness Hearing on *[date to be inserted]*. To the extent that the payments of attorney fees reduce the Sum, the individual settlement amounts payable to Plaintiffs shall be proportionately reduced from the amounts set forth in section V.A.2 of this Decree, so as to allow full payment of attorney's fees to Class Counsel.

## VII.      TAXABILITY OF MONEY PAID TO THE MEMBERS OF THE PLAINTIFF CLASS OR TO THE NAMED PLAINTIFF

The parties agree that the amounts paid pursuant to this Decree to the Class Members and to the Named Plaintiff are taxable under the United States Tax Code and the tax codes of the various states and territories of the United States. Withholding of taxes and payment of the

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408 998 4150

80634565.1 121905                                            9                                 Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1 047960 1007

employers' portion of taxes by Five J's Trucking shall be in accordance with applicable law and this Decree.

No representations are made by or to any party to this Decree as to the tax consequences of the monetary payments pursuant to this Decree. Each person receiving payment of money pursuant to this Decree shall be responsible for their own tax liability for payments made herein and the allocations specified herein, including any related penalties, interest, or employee payroll taxes. However, if Five J's Trucking shall be required to pay any income taxes (other than the employer's share of payroll taxes), interest or penalty assessed against a Class Member as a result of a failure by the Class Member to pay applicable taxes (if any) on proceeds which he or she receives as a result of this Decree, then Five J's Trucking shall be entitled to prompt reimbursement from the nonpaying Class Member for the full amount of the tax which Five J's Trucking has paid in connection with the proceeds received by the Class Member.

## VIII. STATUS AND DISPOSITION OF UNCLAIMED FUNDS

Ninety-eight days after Five J's Trucking has distributed the last of the Sum, it or its counsel shall make a written report to Class Counsel and the Court of whether any checks drawn on the sum were returned or unpaid. At that time, the Parties, in consultation with the Court, shall distribute this remaining part of the sum on a pro-rata basis to Authorized Claimants who cashed their settlement checks.

## IX. DISPUTE RESOLUTION FOR ALLEGED VIOLATIONS OF THIS DECREE

Prior to instituting any proceedings to enforce this Decree, Class Counsel shall provide written notice to Five J's Trucking and its Counsel that specifically sets forth the ways in which Class Counsel believes that Five J's Trucking is in violation of the Decree and the evidence in support thereof. The Parties' counsel shall hold a meeting within 45 days of receipt by Five J's Trucking of such written notice in order to discuss and negotiate issues raised by the alleged violation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
San Jose, CA 95113-2303
408 998 4150

Firmwide:80634565.
1.047860.1002

80634565.1 121905                               10                          Case No. CIV-F-04-5429 AWI LJO
CONSENT DECREE

1            The Parties will in good faith attempt to resolve all enforcement issues through

2 discussions and negotiations. If the Parties are unable to resolve an issue raised in a written notice

3 through discussion and negotiations, the Parties will submit any unresolved issues to mediation

4 within 60 days of the date that a discussion is held on the issue.

5            In the event mediation fails, any claim of noncompliance with this Decree shall be

6 resolved by the Court only upon written motion and adequate notice of hearing by and to each party

7 to such claim and to each parties' attorney of record. Neither any member of the Plaintiff Class nor

8 Class Counsel shall move for a hearing on noncompliance without having first satisfied the

9 mediation provision set forth above.

10          If upon reasonable notice and hearing, it is determined by the Court that Five J's

11 Trucking has materially failed to comply with this Decree and failed to cure such noncompliance

12 within a reasonable time after notice and opportunity to cure as set forth herein, the Court shall order

13 that specific steps be taken to achieve compliance and allow Five J's Trucking a reasonable time

14 within which to take such steps to achieve compliance before the Court will consider the imposition

15 of sanctions. In the event sanctions are imposed, the Court will take into consideration the nature,

16 materiality, and willfulness of each such failure to comply.

17

18 **X.    NO APPEAL ON BEHALF OF CLASS REPRESENTATIVE OR PLAINTIFFS**

19          This Decree is the product of extensive negotiation by counsel completely familiar

20 with the legal and factual issues in these cases, along with representatives of the parties, after

21 extensive discovery, substantial and extensive discussions regarding claims and defenses by counsel

22 for all the parties, and with the assistance of an independent mediator. Class Counsel covenants that

23 he shall not appeal any portions of this Decree on behalf of the Class Representative or Class

24 Members should this Decree be adopted in whole or modified in part by the Court, except Class

25 Counsel reserves the right to appeal any award of attorney fees.

26

27

28

UTTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113 2303
408 998 4150
Firmwide:80634565.
1 047860 1007

80634565.1 121905        11        Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

## XI. NOTICE AND OPPORTUNITY FOR OBJECTIONS AND TO SEEK EXCLUSION

Pursuant to Federal Rule of Civil Procedure 23(e), Class Counsel shall give notice to Class members so that they may have an opportunity to object to the terms of the Decree and to decide whether to exclude themselves from participation in the Settlement. Class Counsel shall send notice to all Class Members no later than ten (10) days after the Preliminary Approval Date of this Decree. Notice shall be sent by first class mail to each Class Member's last known address. Individual notice to the each class member shall be made in the form of the Notice attached hereto as Exhibit "A." The notice shall include a provision notifying the class members of their right to be excluded from the Class or to object to the Decree.

By *[date to be inserted]*, members of the Class may file objections to the terms of the Decree, or may exclude themselves from membership in the Class. Any exclusions shall be made in writing and sent to Class Counsel. Class Counsel shall promptly provide copies of all exclusions he receives to Five J's Trucking's counsel. No later than *[date to be inserted]*, Class Counsel shall provide to Five J's Trucking a list of names of all individuals who have requested exclusion from the Class, or who wish to be heard at the Fairness Hearing.

On *[date to be inserted]*, the Court will conduct the Fairness Hearing, at which time any objections to the Decree can be heard. No objections will be heard at the Fairness Hearing unless the objecting party previously submitted his or her objections in writing in accordance with the terms of this Decree and the Notice.

## XII. MISCELLANEOUS PROVISIONS

This Decree comprises the full and exclusive agreement of the parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing, approved by all Parties to this Decree and approved by the Court or ordered by the Court.

In the event of Defendant's failure to make the payments as required by this Decree, Plaintiffs shall be entitled to retain all monies paid to the date of the breach, the settlement becomes automatically void, and this action shall proceed as if no settlement had ever been reached. Any

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113.2303
408.998.4150

80634565.1 121905

12

Case No. CIV-F-04-5429 AWI LJO

CONSENT DECREE

Firmwide:80634565.
1 047960 1002

1  monies received by Plaintiffs before the breach shall be offset against any recovery by Plaintiffs
2  after the breach.

3         Each side shall bear its own attorney fees and costs in connection with any claims
4  asserted, and the negotiation and completion of this Decree.

5         This Court has jurisdiction of the subject matter and of the parties to this Action. This
6  Court retains jurisdiction over this Decree for all purposes until the expiration of the Parties'
7  obligations as set forth herein.

8         The duration of this Decree shall be one year from the date of entry of the Decree or
9  after satisfaction by Five J's Trucking of its obligations under this Decree, whichever date is sooner.
10  During such time, this Court shall retain jurisdiction over this matter and the Parties for the purpose
11  of enforcing compliance with the Decree, including issuing such orders as may be required to
12  effectuate its purposes. One year after the entry of this Decree, or after Defendant Five J's Trucking
13  has satisfied its obligations under this Decree, whichever is sooner, this lawsuit will be dismissed
14  with prejudice.

15  Dated: May 9, 2006              /s/ Jerry N. Budin
16                             JERRY N. BUDIN
                           Attorneys for Plaintiffs
17

18  Dated: May 9, 2006              /s/ Christopher E. Cobey
                           CHRISTOPHER E. COBEY
19                             LITTLER MENDELSON
                           A Professional Corporation
20                             Attorneys for Defendant
                           FIVE J'S TRUCKING, INC.
21

                                   (Original signature
22  Dated: May 9, 2006              /s/ Rick Morales    retained by attorney)
                           RICK MORALES
23                             Plaintiff

24

25  Dated: May 9, 2006              FIVE J'S TRUCKING INC.

                                   (Original signature
26                  By:   /s/ James Mello, Jr.   retained by attorney)
                         JAMES MELLO, JR.
27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
Fourteenth Floor
San Jose, CA 95113-2303
408.998.4150

Firmwide:80634565.
1.047960 1002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

RICK MORALES,
individually and on behalf of
all others similarly-situated,

CASE NO. CV F-04-5429 AWI LJO

Plaintiffs,

vs.

FIVE J'S TRUCKING, INC.,

Defendant.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:    All truck drivers who were employed by Five J's Trucking, Inc., in California at any time from March 15, 2000 through July 4, 2004 and who hauled milk, whey and/or waste water solely within California.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR **AUGUST 31, 2006** BEFORE THE HONORABLE LAWRENCE J. O'NEILL, MAGISTRATE JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

### 1.    INTRODUCTION

On March 15, 2004, Rick Morales, individually and on behalf of other truck drivers, filed a lawsuit against Five J's Trucking, Inc., alleging that he worked for Five J's Trucking, Inc. as a truck driver and was entitled to overtime compensation for hours worked in excess of forty (40) per week, but that Five J's Trucking, Inc. failed to pay him at overtime rates for those overtime hours worked. Five J's Trucking, Inc. denies these allegations.

A tentative settlement of these cases has been reached. The settlement will apply to all persons who meet the following definition ("Settlement Class"):

All persons who are now employed or have been employed by defendant 5 J'S TRUCKING in the State of California, who, on or after March 15, 2000 to July 5, 2004, have worked as an intrastate truck driver hauling milk, whey or waste water from/to dairies and to/from creameries and/or cheese factories solely within the State of California and have worked in excess of forty (40) hours per week without being paid overtime compensation by Five J's for those excess hours.

#### The Reason You Have Received This Notice

You are believed to be a member of the Settlement Class. If so, your rights will be affected because the parties have tentatively settled the lawsuits. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case. By preliminary approval of the proposed settlement on (date to be inserted), the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

1.     A settlement of the claims of the Settlement Class has been proposed by Plaintiff Rick Morales and his attorney and Defendant Five J's Trucking, Inc., and its attorneys;

2. The proposed settlement has been submitted to the Court, and has received preliminary approval;

3. If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Five J's Trucking, Inc., for any claim occurring during the period from March 15, 2000 through July 4, 2004 that was raised or could have been raised in the Plaintiff's complaint.

4. You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice.

5. A hearing to finally approve the settlement is scheduled for **AUGUST 31, 2006** at 8:15 a.m. in Courtroom No. 8, at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721.

At the hearing, any member of the Class may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of these lawsuits and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Consent Decree, the terms of the Consent Decree shall govern.

## II.    NATURE OF THE LAWSUIT

In this case, the Plaintiff has sued Five J's Trucking, Inc., for nonpayment of overtime for hours worked in excess of forty in a week. Five J's Trucking has denied and continues to deny all of the allegations made by the Plaintiff.

The Plaintiff and Five J's Trucking, Inc., ("the Parties") have tentatively settled these lawsuits. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the class established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## III    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED CONSENT DECREE

For purposes of settlement, and without admitting any liability, Five J's Trucking has agreed to provide certain relief to persons in the Class. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Consent Decree, the terms of the Settlement shall govern. For a copy of the proposed Consent Decree, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI. The relief granted by the proposed Consent Decree is summarized as follows:

1. Five J's Trucking, Inc., will pay the sum ("Sum") of one hundred sixty-eight thousand dollars ($168,000.00) less attorney fees and costs awarded to Class Counsel and enhancements awarded to the Plaintiff Rick Morales .

2. In order to receive payment under this section, each class member must file a timely Claim Form and Release, which is enclosed with this Notice.

3. Five J's Trucking, Inc., will pay reasonable attorneys' fees in a maximum amount not to exceed $50,400.00 and actual costs. All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees at the hearing scheduled for **AUGUST 31, 2006** at 8:15 a.m..

4. The Court will also be asked to award an enhancement payment to Rick Morales in the amount of $10,000.00.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant to the Settlement are taxable. Five J's Trucking, Inc., will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Consent Decree.

## IV. HEARING AND PROCEDURE FOR OBJECTING TO THE CONSENT DECREE

If you are satisfied with the proposed Consent Decree, you do not need to appear at the hearing at which the Court will consider final approval of the Consent Decree. If you object to the proposed Consent Decree, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A. So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to the Court at United States District Court for the Eastern District of California, Courtroom No. 8, United States Courthouse, 2500 Tulare St., Fresno, California, 93721, to Class Counsel, Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, CA 95354, and to Christopher E. Cobey, Esq., Littler Mendelson 5200 North Palm Avenue, Suite 302, Fresno, CA 93704 (Defendant's Counsel): (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda. You may appear personally, or through your own counsel, paid for at your own expense.

B. If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for **AUGUST 31, 2006** at 8:15 a.m. before the Honorable Lawrence J. O'NEILL, Magistrate Judge, United States District Court for the Eastern District of California, Courtroom No. 8, United States Courthouse, 2500 Tulare St., Fresno, California 93721.

## V. PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Consent Decree, you may still exclude yourself from the proposed Settlement by taking the following steps.

A. So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to Jerry N. Budin, 1500 "J" Street, Modesto, CA 95354 if you wish to be excluded from the Consent Decree. The written request must contain your name, address, telephone number, Social Security number and the location and years of your employment by Five J's Trucking, Inc.

B. If you do not submit an exclusion request, you will be bound by the Consent Decree, if it is approved by the Court.

C. Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Consent Decree, but will receive no monetary compensation.

## VI. CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, California 95354, telephone (209) 544-3030.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.



EXHIBIT C

**United States District Court, Eastern District of California, Fresno Division**

*Rick Morales v. Five J's Trucking, Inc.*

**Case No. CV F-04-5429 AWI LJO**

# CLAIM FORM AND RELEASE

COMPLETE, SIGN AND MAIL TO:

Class Counsel Jerry N. Budin, Esq.
1500 J Street, Second Floor
Modesto, CA 95354

Must be Postmarked or Hand-Delivered No Later Than: (date to be inserted)

**YOU MUST TIMELY COMPLETE, SIGN UNDER PENALTY OF PERJURY AND RETURN THIS CLAIM FORM TO SHARE IN THE MONETARY RECOVERY FROM FIVE J'S TRUCKING, INC.**

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____ Social Security Number:_____

Telephone Number (Work):_____ Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Five J's Trucking, Inc. (Five J's) as a truck driver, between March 15, 2000 to July 5, 2004, is as follows (Do not include in your response any time you worked for Five J's prior to March 15, 2000.)

| Position/Title | Location | Beginning Date | End Date |
|---|---|---|---|
| | | | |

(3) During the period I worked for Five J's as a tractor truck driver, I worked overtime (defined as more than 40 hours per week) and I never drove across state lines.

If your answer to question (2) or (3) above is different than indicated by the Company's records, the Company's records will control unless you are able to provide documentation (such as pay stubs/pay sheets) that establishes otherwise and that the Company's records are mistaken.

(4) Do you have documentation to support your response to No. 2 above? (*Check one box only.*)

YES ☐          NO ☐

(5) Do you have documentation to support your response to No. 3 above? (*Check one box only.*)

YES ☐          NO ☐

**CLAIM FORM AND RELEASE**

(6) By signing below, I understand that I am agreeing to a full and complete release of Five J's Trucking, Inc., including its officers, directors, and owners, for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to this action, including but not limited to any and all claims for unpaid wages, worked overtime, waiting time penalties and/or interest thereon. I confirm that I have had the opportunity to discuss with Class Counsel Jerry Budin the meaning and effect of this release.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor [employer]."

I declare under penalty of perjury that the foregoing is true and correct and that I was employed as a truck driver by Five J's Trucking, Inc., in California between March 15, 2000 and July 5, 2004.

X _____          _____

   *(Sign your name here)*                                    Date

**CLAIM FORM AND RELEASE**

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST COMPLETE, SIGN UNDER PENALTY OF PERJURY, AND MAIL THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE (date to be inserted), OR HAND-DELIVERED ON OR BEFORE THAT DATE, ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL OR HAND-DELIVER TO:

**Class Counsel Jerry N. Budin, Esq.
1500 J Street
Modesto, CA 95354
(209) 544-3030**

### INSTRUCTIONS

1. Please complete, sign, and either have postmarked and mailed or hand-deliver this "Claim Form and Release by (date to be inserted) in order to be eligible for a monetary recovery from Defendant Five J's Trucking, Inc.

2. If you move, please send your new address to Class Counsel. It is your responsibility to keep a current address on file with Class Counsel.

3. Please do not send any supporting documentation at this time. If such documentation is deemed necessary, a separate request will be sent to you directly.

4. If found eligible, you should not expect to receive any payment any earlier than (date to be inserted), assuming the Court approves the settlement and no appeal is filed.

### CLAIM FORM AND RELEASE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

CLASS COUNSEL'S SUPPLEMENTAL DECLARATION IN SUPPORT
OF FINAL APPROVAL OF CONSENT DECREE AND AWARD OF
ENHANCEMENT AND ATTORNEY FEES AND COSTS; EXHIBIT B

CASE NO. CIV F-04-5429 AWI LJO

| | LAST NAME | FIRST NAME | Total Amount of Distribution ($105,908.03) |
|---|---|---|---|
| 1 | BRAVO | MIGUEL | $235.95 |
| 2 | CAMREN | DAVID | $942.66 |
| 3 | ELLIS | JOE | $637.65 |
| 4 | GARCIA | FELIX | $4,279.37 |
| 5 | GARCIA | JAIME | $16,595.50 |
| 6 | GARCIA | OCTAVIO | $15,561.91 |
| 7 | HAYES | RON | $3,377.57 |
| 8 | LEMOS | JOEL | $1,231.56 |
| 9 | LEMUS | SAMUEL | $619.23 |
| 10 | LOPEZ | ELISEO | $6,105.98 |
| 11 | MEZA | ERNESTO | $3,351.67 |
| 12 | MONTOYA | MARIO | $6,869.09 |
| 13 | MORALES | ERNESTO | $12,068.09 |
| 14 | MORALES | RICK | $5,504.59 |
| 15 | MOYA | JAVIER | $7,437.68 |
| 16 | OCHOA | JESUS | $4,796.16 |
| 17 | PENA | BLAS | $5,085.63 |
| 18 | PULIDO | MARTIN | $4,662.65 |
| 19 | RAMIREZ | IGNACIO | $1,388.67 |
| 20 | SANCHEZ | CATALINO | $4,320.80 |
| 21 | TEIXEIRA | JOE | $178.40 |
| 22 | TOLEDO | JUAN | $337.24 |
| 23 | ZARATE | JOSE | $319.97 |
| | TOTAL | | $105,908.03 |